# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:14-cv-181-RLV
# (5:12-cr-15-RLV-DCK-1)

| | |
|---|---|
| ANTHONY CALDWELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), and on the Government's Response in Opposition, (Doc. No. 7).

**I. BACKGROUND**

On May 9, 2011, undercover officers from the Huntersville Police Department and the Mooresville Police Department attempted to purchase crack cocaine from Petitioner Anthony Caldwell. (Crim. Case No. 5:12-cr-15-RLV-DCK-1, Doc. No. 17 at 3: PSR). The undercover officers purchased 0.6 grams of cocaine base, or crack cocaine, in exchange for $80.00. (Id.). Two weeks later, officers conducted a second undercover transaction in which they again purchased 0.6 grams of crack cocaine for $80.00 from Petitioner. (Id. at 4).

On April 17, 2012, Petitioner was charged in a bill of indictment with possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C). (Id., Doc. No. 1: Bill of Indictment). On May 1, 2012, the Government filed an Information pursuant to 21 U.S.C. § 851, notifying Petitioner and the Court that Petitioner faced an enhanced sentence based

on a conviction on February 20, 1992, in Iredell County, North Carolina, for sale/delivery of cocaine. (Id., Doc. No. 3). On August 20, 2012, Petitioner entered into a plea agreement in which he pled guilty to both counts in the indictment. (Id., Doc. No. 12: Plea Agreement). The plea agreement was amended on August 21, 2012. (Id., Doc. No. 13: Amended Plea Agreement). Petitioner acknowledged in the plea agreement that he was aware that the Court would consider the United States Sentencing Guidelines in determining the sentence; his sentence had not yet been determined by the Court and any estimate of the likely sentence was a prediction rather than a promise; the Court had the final discretion to impose any sentence up to the statutory maximum for each count; and the Court was not bound by recommendations or agreements by the United States. (Id. at 2). Additionally, as set forth in the plea agreement, Petitioner acknowledged that if he were found to be a career offender, the Government would agree to recommend a sentence in the low end of the applicable guideline range, which the parties believed to be 151 to 188 months, based on an offense level 29 and a criminal history category VI, after adjustment for acceptance of responsibility. (Id.). In the plea agreement, the Government agreed to dismiss the Section 851 Notice if the Court found Petitioner's plea to be voluntarily and knowingly made and if Petitioner accepted the plea. (Id. at 1). In exchange for the Government's concessions, Petitioner also waived the right to appeal or collaterally attack his conviction and sentence, with the exceptions of claims of ineffective assistance of counsel or prosecutorial misconduct. (Id. at 5).

Consistent with the plea agreement, Petitioner pled guilty before a U.S. magistrate judge, in a hearing conducted pursuant to Rule 11 of the Federal Rules of Criminal Procedure. (Id., Doc. No. 14: Acceptance & Entry of Guilty Plea). After placing Petitioner under oath, the magistrate judge confirmed that Petitioner understood the charges and applicable penalties. (Id. at 2).

2

Petitioner then admitted that he was, in fact, guilty of both counts in the indictment. (Id. at 4). Petitioner also confirmed that he had sufficient time to discuss any possible defenses with defense counsel and that he was satisfied with defense counsel's services. (Id. at 4-5). Petitioner also expressly acknowledged that he was waiving the right to appeal as part of his plea agreement. (Id. at 4). At the conclusion of the hearing, the magistrate judge found that Petitioner's plea was knowingly and voluntarily made and accepted it. (Id. at 6).

Before sentencing, the probation officer prepared a presentence investigation report. (Id., Doc. No. 17: PSR). Included in the recitation of Petitioner's criminal history were three prior felony convictions that qualified him as a career offender under U.S.S.G. § 4B1.1—two sell or deliver cocaine charges from 1993 and a 1995 second-degree murder charge. (Id. at 5). Petitioner objected to his career offender status, relying on United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). (Id. at 21). In response, the Government argued that Petitioner was, in fact, a career offender based on his criminal history and that Simmons did not change his status. (Id.). The Government further recommended no change to the presentence investigation report. (Id.).

On July 8, 2013, this Court adopted the presentence investigation report in its entirety and sentenced Petitioner to 151 months of imprisonment on each count, to be served concurrently. (Id., Doc. No. 19: Judgment; Doc. No. 30 at 5; 13: Sentencing Tr.). Judgment was entered on July 11, 2013. (Id.). Petitioner appealed, but the Government subsequently filed a motion to dismiss the appeal on the ground that Petitioner waived the right to appeal in his plea agreement. The Fourth Circuit granted the Government's motion to dismiss on December 18, 2013, and the mandate issued on January 9, 2014. (Id., Doc. Nos. 34; 35).

Petitioner placed his petition in the prison system for mailing on November 4, 2014, and

it was stamp-filed in this Court on November 6, 2014.  In his motion to vacate, Petitioner claims (1) that he did not knowingly, voluntarily or intelligently relinquish his rights to appeal based on counsel's erroneous advice; (2) he is not a career offender in light of Descamps v. United States, 133 S. Ct. 2276, 2281 (2013); and (3) that his due process rights were violated because the presentence investigation report was prepared after the plea agreement had been entered, specifically contending that if the report had been prepared before the guilty plea, he would not have pled guilty under that particular plea agreement.  (Id. at 4-7).

## II.  STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits, and the record of prior proceedings" in order to determine whether the petitioner is entitled to any relief on the claims set forth therein.  After examining the record in this matter and the Government's response, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law.  See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

### A.  Petitioner's Claim of Ineffective Assistance of Counsel

Petitioner first contends that he received ineffective assistance of counsel related to the waiver of his right to appeal and counsel's advice regarding what Petitioner's base offense level would be, as well as his guidelines sentencing range.  The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense.  See U.S. CONST. amend. VI.  To state a claim of ineffective assistance of counsel in the context of a guilty plea, a petitioner must satisfy a two-pronged test.  Strickland v. Washington, 466 U.S. 668, 686-87 (1984).  First, a petitioner must

show that the representation he received fell below an objective standard of reasonableness. Id. at 688. The court must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. For the second prong, a petitioner must show that he was prejudiced by the ineffective assistance by showing "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Petitioner first contends that the appeal waiver in this case is unenforceable because he did not knowingly, voluntarily, or intelligently relinquish his rights to appeal any sentence imposed. (Doc. No. 1 at 4). Additionally, Petitioner claims that his attorney lied and advised him that his base offense level was 10, with a penalty range of 21 to 27 months. (Id.). Petitioner's claims are belied by the record. At Petitioner's Rule 11 hearing, he acknowledged by signature the following: that he expressly waived his right to appeal his conviction; that he was satisfied with the services of his attorney in the case; that he understood all parts of the proceeding; that he expressly waived his right to challenge his conviction; and that he understood the plea agreement and the terms therein, including the jointly recommended guidelines range. (Crim. Case No. 5:12-cr-15-RLV-DCK-1, Doc. No. 14 at 4-5). Petitioner's statements carry with them a "strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Additionally, Petitioner's claim that his counsel advised him that the Government would not sentence him as a career offender is contradicted by his sworn statements at his sentencing hearing. At his sentencing hearing, Petitioner stated that he had in fact gone over with counsel his presentence investigation report, including the jointly recommended offense level. (Id., Doc. No. 30 at 4).

5

Petitioner's sworn statements at the Rule 11 hearing and his representations at his sentencing hearing undermine his ineffective assistance of counsel claim. Because Petitioner has not offered any evidence, let alone demonstrated the extraordinary circumstances required to rebut these statements, his claim fails.

In sum, Petitioner's first ground for relief is dismissed.

**B. Petitioner's Claim that He Was Wrongly Designated as a Career Offender in Light of Descamps**

Petitioner next contends that he was wrongly designated as a career offender in light of the Supreme Court's decision in Descamps v. United States, 133 S. Ct. 2276, 2281 (2013). This claim is without merit.[1] Pursuant to U.S.S.G. § 4B1.1(a), to be designated as a career offender, a defendant must have been at least eighteen years old when he committed the instant offense of conviction, the instant offense must be a felony that is either a crime of violence or a controlled substance offense, and the defendant must have at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1. Here, Petitioner was designated as a career offender based on two convictions of sell or delivery of cocaine and a second-degree murder conviction. Id.

In determining whether a prior conviction constitutes a crime of violence or a controlled substance offense under the sentencing guidelines, courts have applied two separate types of analyses---the categorical approach and the modified categorical approach. See Descamps, 133 S. Ct. at 2281. Under the categorical approach, courts compare the elements of the statute providing the basis of the defendant's prior conviction with the elements of the generic crime.

---

[1] Furthermore, although the Government has not raised the waiver issue in its response brief, Petitioner appears to have waived the right, in his plea agreement, to bring this claim as well as his third claim.

See id. When a prior conviction is for violating a "divisible" statute—i.e., one that sets out one or more elements of the offense in the alternative, effectively creating more than one crime—the court may use a "modified categorical" approach. Id. at 2285. Under this approach, the court may consult a limited class of documents, such as jury instructions and indictments, to determine which alternative elements formed the basis for the defendant's prior conviction. Id. at 2281. In Descamps, the Supreme Court addressed the proper application of the modified categorical approach when determining whether a prior conviction qualifies as a violent felony under the Armed Career Criminal Act. Id. at 2282. The Court held that the modified categorical approach is not available when the crime of which the defendant was convicted has a single, indivisible set of elements. Id. Under the guidelines, a controlled substance offense is "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b). Comparing the definition set forth in the guidelines with the elements of Petitioner's offenses reveals that Petitioner's North Carolina convictions for the sale or delivery of cocaine categorically qualify as controlled substance offenses. See N.C. GEN. STAT. § 90-95(a)(1). As such, there is no need to resort to the modified categorical approach and Descamps is simply not implicated in this action.[2]

---

[2] In any event, Descamps has not been made retroactively applicable to cases on collateral review. See, e.g., Whittaker v. Chandler, 574 F. App'x 448 (5th Cir. 2014) (per curiam) (unpublished) (finding Descamps is not retroactive on collateral review); United States v. Montes, 570 F. App'x 830 (10th Cir. 2014) (same); United States v. Mitchell, No. 3:14cv313, 2014 WL 3720582, at *2 n.3 (N.D. Fla. July 28, 2014) (collecting cases).

In sum, Petitioner's second ground for relief is dismissed.

## C. Petitioner's Claim that His Due Process Rights were Violated Because the Presentence Investigation Report was Prepared after the Plea Agreement

Petitioner next contends that his due process rights were violated because the presentence investigation report was prepared after Petitioner's plea agreement was entered. Rule 32 of the Federal Rules of Criminal Procedure states that, subject to certain exceptions not applicable here, a probation officer "must conduct a presentence investigation and submit a report to the court before it imposes sentence." FED. R. CRIM. P. 32(c)(1)(A). Additionally, Rule 32 asserts that a presentence report shall not be submitted to the Court unless the defendant has pled guilty or has been found guilty. FED. R. CRIM. P. 32(e)(1). Petitioner's claim is meritless because the timing and preparation of the presentence investigation report is mandated by Rule 32, and the preparation and submission of the report following Petitioner's plea fully complied with Rule 32. Accordingly, Petitioner is unable to show that his rights were violated based on the procedure followed in preparation of his presentence investigation report.

In sum, Petitioner's third ground for relief is dismissed.

## IV. CONCLUSION

For the reasons stated herein, Petitioner's § 2255 motion to vacate is denied and dismissed.

**IT IS THEREFORE ORDERED THAT**:

1. Petitioner's § 2255 motion, (Doc. No. 1), is denied and dismissed with prejudice.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell,

537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: March 16, 2015

Richard L. Voorhees
United States District Judge